# Commonwealth Title Insurance and Trust Company, Trustee, *v.* Amos Ellis. Appeal of Frederick J. Amweg.

*Mortgage—Purchase money mortgage.*

If a mortgage is in fact a purchase money mortgage, it will be so considered, although there is nothing to indicate its character on its face.

*Mechanic's lien—Contract—Covenant against liens.*

A provision in a building contract " that there shall be no liens entered or filed by any subcontractors or any other persons," applies to the principal contractor.

Argued March 29, 1899. Appeal, No. 79, Jan. T., 1899, by Frederick J. Amweg, from order of C. P. No. 2, Phila. Co., Dec. T., 1893, No. 595, dismissing exceptions to auditor's report. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to auditor's report.
The facts appear by the report of Ellis's Appeal, ante, p. 321.

*Error assigned* was in dismissing the following exception to auditor's report, to wit: " the auditor has found that the lien of Frederick J. Amweg, to the use, etc., should be postponed to the mortgage of the Commonwealth Title Insurance and Trust Company, trustee."

*Sheldon Potter* and *William H. Staake,* for appellant.—The mortgage was not a purchase money mortgage: Lynch v. Dearth, 2 P. & W. 101; Campbell & Pharo's App., 36 Pa. 247; Nottes's App., 45 Pa. 361; Cohen's App., 10 W. N. C. 544; Albright v. Lafayette Bldg. & Saving Assn., 102 Pa. 411; Jeanes v. Hizer, 186 Pa. 523; Eberly v. Lehman, 13 W. N. C. 395; Forrester v. Hanaway, 82 Pa. 218; Reynolds v. Miller, 177 Pa. 168.

*Henry T. Dechert,* for appellee.—Ellis had no title until after the delivery of deed and mortgage on March 1, 1893, to which a mechanic's claim could attach, and therefore the mortgage has priority.

The mortgage was a purchase money mortgage: Lynch v.

Dearth, 2 P. & W. 101; Magee v. Magee, 51 Ill. 500; Appeal of City Nat. Bank, 91 Pa. 163; Cake's App., 23 Pa. 186; Haywood v. Nooney, 3 Barb. (N. Y.) 643; McGowan v. Smith, 44 Barb. (N. Y.) 232; Kittle v. Van Dyck, 1 Sandf. (N. Y.) 76; Hazleton v. Lesure, 9 Allen (Mass.), 24; King v. Stetson, 11 Allen (Mass.), 407; Clark v. Munroe, 14 Mass. 350; Curtis v. Root, 20 Ill. 518; Kaiser v. Lembeck, 55 Iowa, 244; Adams v. Hill, 29 N. H. 202; Smith v. Stanley, 37 Maine, 11; Jones v. Parker, 51 Wisc. 218; Clark v. Butler, 32 N. J. Eq. 664.

The appellant covenanted not to file a lien: Fidelity M. L. Assn. v. Jackson, 163 Pa. 208; Waters v. Wolf, 162 Pa. 153; Long v. Caffrey, 93 Pa. 526; Lydick v. Anderson, 188 Pa. 600; Purvis v. Brumbaugh's Est., 8 Pa. Superior Ct. 292; Scheid v. Rapp, 121 Pa. 593; Sproul v. Murray, 156 Pa. 293; Broom's Legal Maxims, 539; Grandin v. Ins. Co., 107 Pa. 26; Dick v. Ireland, 130 Pa. 299; Lumberman's Exchange v. Ins. Co., 183 Pa. 366.

The appellant has no claim under his contract because he has committed the breach of contract: Hudson on Building Contracts, 200.

The building was not subject to appellant's lien because not "erected." Hence the same rule should be applied as in the case of a building subject to lien and destroyed by accident: Church v. Stettler, 26 Pa. 246; Wigton & Brooks's App., 28 Pa. 161.

OPINION BY MR. JUSTICE GREEN, July 19, 1899:

In the opinion just filed in the case of the appeal of H. Victoria Ellis from the same decree entered in this case, No. 87, January term, 1899, we have set forth our reasons for sustaining the decree of the court below giving precedence to the mortgage held by the plaintiff in the distribution of the fund in court. It is not necessary to repeat those reasons here. In the same opinion we have held that the present appellant is not entitled to any share of the fund as a mechanic's lien creditor of the defendant. The numerous assignments of error in the present appeal must necessarily fall upon the ruling that the appellant has no standing as a mechanic's lien creditor. The assignments of error are all dismissed.

Decree affirmed and appeal dismissed at the cost of the appellant.